**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **DAMANY HARDY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 6-18-CV-00363-ADA |
| | § | |
| **NANCY A. BERRYHILL,** | § | |
| *Defendant.* | § | |
| | § | |

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske. ECF No. 20. The Report recommends that the Court affirm the decision of the Social Security Administration's to deny benefits. The action was referred to Judge Manske for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Report and Recommendation was filed on August 19, 2019.

A party may file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglas v. United Service Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Plaintiff timely filed Objections to the Report and Recommendation on October 15, 2019. ECF No. 8. Defendant subsequently filed a

Response to Plaintiff's Objections to the Report and Recommendation. ECF No. 9. In light of Plaintiff's objections, the Court has undertaken a *de novo* review of the case file in this cause.

Having carefully reviewed the Magistrate Judge's Report and Recommendation, Plaintiff's Objections to the Report and Recommendation, and this case file, the Court does not dispute the Magistrate Judge's findings or his recommendation.

## I. FACTUAL BACKGROUND

On September 12, 2016, Plaintiff filed a claim for social security disability benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.*, for injuries to both of his shoulders. Transcript Record at 13, ECF No. 13. The Administration initially denied his claim on January 4, 2017 and again upon reconsideration on May 30, 2017. *Id.* at 10. Plaintiff then initiated an appeal before an administrative law judge (ALJ). *Id.* On April 10, 2018, the ALJ James W. Lessis conducted a de novo administrative hearing. *Id.*

At the hearing, the ALJ conducted an examination of a vocational expert (VE). During the examination, the ALJ asked the VE to consider the jobs a hypothetical person with certain residual functional capacities (RFCs) would be able to perform. Essential to these hypotheticals was the inclusion of the RFCs: "[o]verhead reaching, bilateral, no more than 1% of the time" and "[r]eaching other than overhead, bilateral, no more than frequent." Tr. at 44–45. The VE testified that that a person subject to these restrictions, among others, could perform three jobs: Table Worker, Final Assembler, and Glass Etcher Helper. *Id.* The ALJ did not inquire as to whether the VE's testimony was consistent with the Dictionary of Occupational Titles (DOT). However, the ALJ did offer Plaintiff's counsel the opportunity to cross-examine the VE, but his counsel declined. *Id.* at 47.

The ALJ applied the five-step sequential evaluation process to determine Plaintiff's disability status. *Id.* at 12–21. At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. *Id.* at 12. At step two, the ALJ found Plaintiff's injuries to his shoulders severely impairing. *Id.* at 13. At step three, the ALJ found none of Plaintiff's impairments or combination of impairments equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 13. The ALJ instead concluded Plaintiff retained the RFC to perform light work with some limitations, including reaching overhead no more than one percent (1%) of work time. *Id.* at 14-15. At step four, the ALJ found Plaintiff could not perform his past relevant work as a mechanic. *Id.* at 19. At step five, the AU found Plaintiff could work as a Table Worker, Final Assembler, or Glass Etcher/Helper and, therefore, was not disabled. *Id.* at 20–21. The ALJ issued his decision, finding Plaintiff not disabled on August 22, 2018. *Id.* at 10.

On October 12, 2018, the Social Security Administration's Appeals Council considered the Plaintiff's reasons for disagreeing with the decision and denied Plaintiff's Request for Review stating "[we] found that the reasons do not provide a basis for changing the Administrative Law Judge's decision." *Id.* at 2. This appeal followed.

## II. LEGAL STANDARD

**A. Substantial Evidence in Record to Support Commissioner's Decision**

Judicial review of the denial of disability benefits pursuant to 42 U.S.C. § 405(g) is limited to determining the existence of substantial evidence in the record to support the Commissioner's decision, and whether the ALJ followed relevant legal standards in evaluating the evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). The scope of review is

limited to the record, and the court will neither conduct de novo review, make credibility determinations, nor re-weigh the evidence. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Substantial evidence is more than a scintilla, but less than a preponderance. *Anthony v. Sullivan*, 954 F.2d at 295. It requires evidence that is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 400 (1971); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). Substantial evidence will create more than a mere suspicion of the existence of a fact to be established. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

In determining whether substantial evidence of disability exists, a court will weigh: (1) objective medical facts or clinical findings; (2) diagnoses and opinions of treating and examining physicians; (3) Plaintiff's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *Depaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)). If proper principles of law were applied, and if the Commissioner's decision is supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed, even if substantial evidence exists that would support an alternate finding. *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992); *Martinez*, 64 F.3d at 173 (citing Richardson, 402 U.S. at 390); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

The Court must find that the ALJ committed a reversible error, one that was not harmless but instead affected the claimant's substantial rights. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Remanding this case ... would produce the same result while wasting time and resources."); *see also Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988) (holding that "procedural improprieties ... constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision"). "Harmless error

exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F.Supp.2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (error is harmless unless there is reason to think that remand might lead to a different result). "The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." Mays, 837 F.2d at 1364 (citing *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 520 (5th Cir. 1981)).

**B. Social Security Ruling 00-4p**

Under Social Security Ruling 00-4p, an ALJ has an affirmative duty to "fully and fairly develop the facts relative to a claim for disability benefits." *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000). A court will not reverse the decision of an ALJ unless the claimant demonstrate the ALJ's failure to fully and fairly develop the record was harmful error. *Id.; see Brock v. Chater,* 84 F.3d 726 (5th Cir. 1996); *Kane v. Heckler*, 731 F.2d 1216 (5th Cir.1984). To establish harm, the claimant must show that she could have and would have "adduced evidence that might have altered the result." *Id.*

As part of the ALJ's duty to fully develop the record, the ALJ must (1) inquire on the record as to whether there is an inconsistency between the VE testimony and the DOT; and (2) elicit a reasonable explanation for any "apparent unresolved conflict" before relying on the VE evidence to support a determination or decision about whether the claimant is disabled. Soc. Sec. R. 00-4p.

### III. ANALYSIS

As previously stated, the Magistrate Judge recommended this Court affirm the decision of the Social Security Administration's to deny benefits. Plaintiff has filed two objections to the

Magistrate Judge's Recommendation: (1) the Commissioner's decision is not supported by substantial evidence because the vocational expert testimony, upon which the ALJ's decision is based, directly and apparently conflicts with the Dictionary of Occupational Titles; and (2) the ALJ committed harmful legal error by failing to "consider" the Plaintiff's Veterans Affairs 80% service-connected disability rating decision pursuant to Social Security Ruling 06-03 and case law within this Circuit. Considering the applicable legal standard, this Court does not dispute the Magistrate Judge's findings or recommendation. Each of Plaintiff's objection will be discussed in turn.

**A. Plaintiff's Objection That the Social Security Commissioner's Decision is Not Supported by Substantial Evidence Because the VE's Testimony Conflicts With the Dictionary of Occupational Titles.**

Plaintiff asserts that the ALJ committed two harmful errors: (1) the ALJ did not ask the VE if his testimony was consistent with the DOT; and (2) the ALJ incorrectly relied upon the VE's testimony without identifying, explaining, or resolving the apparent and direct conflict. First, the Court finds that while the ALJ did breach its duty to fully develop the record by inquiring as to inconsistencies between the VE's testimony and the DOT, this error was harmless because there was no apparent and direct conflict and inquiring as to the nonexistent inconsistency would not change the ultimate outcome of the case. Second, the Court finds that the ALJ correctly relied upon the VE's testimony because there was no apparent and direct conflict.

*i. The ALJ Committed Harmless Error by Failing to Ask the VE if his Testimony was Consistent With the DOT.*

First, Plaintiff directs the court to Social Security Ruling 00-4p, which establishes the ALJ's affirmative duty to bring to light and explain any "apparent unresolved conflict" between the vocational expert's testimony and the Dictionary of Occupational Titles. Pl.'s Obj. at 2, ECF

No. 21. Plaintiff asserts that as part of this affirmative duty, the ALJ must "inquire on the record whether or not there is such an inconsistency" and "explain in the decision how an identified conflict was resolved." *Id.* (citing *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016)).

It is clear from the record that the ALJ did not, in fact, inquire as to whether there was an inconsistency between the VE's testimony and the DOT. However, this error was harmless because even if the this case was remanded and the ALJ inquired as to whether there was an inconsistency between the VE's testimony and the DOT, it is inconceivable that a different conclusion would be reached by the ALJ absent the error. Even if the ALJ had inquired as to any inconsistency between the VE's testimony and the DOT, there was no apparent or direct conflict between the VE testimony and the DOT. *See infra* Section II.

Additionally, while Claimant's failure to cross-examine the VE during the administrative hearing is not waiver of the conflicts issue, the Fifth Circuit has clearly stated on multiple occasions (and as recent as 2020),

> Claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Carey*, 230 F.3d at 146-47; *see Dell v. Saul,* 807 F. App'x 385, 387 (5th Cir. 2020); *see also Barratt v. Astrue*, No. 07-51067, 2008 WL 2325636, at *2 (5th Cir. June 6, 2008). While Claimant's argument that his failure to alert the ALJ to any alleged inconsistency between the VE's testimony and the DOT during the hearing does not function as a waiver of the conflicts issue is essentially correct, this Court is bound by strong precedent discouraging post-administrative hearing attempts to manifest conflict.

Therefore, even though the ALJ failed to inquire as to whether there was an inconsistency between the VE's testimony and the DOT, correcting this error would not change the ultimate outcome of the case—the error was harmless.

### *ii. The ALJ Properly Relied on the VE's Testimony Because There Was No Apparent or Direct Conflict.*

In the instant case, there was no apparent or direct conflict between the VE's testimony and the DOT as to the job requirements of Table Worker, Final Assembler, and Glass Etcher Helper. The issue at hand is whether the VE's characterization of the three jobs is consistent with the DOT's job descriptions requiring "frequent reaching." After review of the record, this Court finds that there is no apparent or direct conflict between the VE's testimony and the DOT. Therefore, the ALJ properly relied on the VE's testimony in denying Plaintiff's claim.

### 1. *Carey v. Apfel (5th Circuit)*

This case is like the binding 5th Circuit case *Carey*. In *Carey*, the claimant only had functioning use of one arm and hand. *Carey*, 230 F.3d at 145. During the administrative hearing, the VE gave testimony that the claimant could perform the jobs of cashier and ticket seller. *Id.* The DOT skill requirements stated that those jobs required "some ability to finger and handle things." *Id.* The claimant argued that there was a conflict between the VE testimony and the DOT and that the VE should have explained why the identified jobs could be performed with only one arm. *Id.* The *Carey* court noted that the VE's testimony was not facially different from the DOT and that there was no "direct or obvious conflict". *Id.* The court stated that the DOT did not contain any requirement of bilateral fingering ability or dexterity, and the VE specifically testified that the jobs of cashier and ticket seller could be performed with the use of only one arm and hand. *Id.*

The case at hand exhibits the same, if not similar, circumstances as *Carey*. Here, Claimant cannot perform any work that requires overhead reaching with either arm more than 1% of the workday. During the hearing, the VE gave testimony that the an individual with manipulative limitations of "overhead reaching, bilateral, no more than 1% of the time. Reaching other than overhead, bilateral, no more than frequent" would be able to perform the jobs of Table Worker, Final Assembler, and Glass Etcher Helper. Tr. at 44–45. The DOT defined these three jobs as requiring "frequent" reaching but did not distinguish between types of reaching. Pl.'s Obj. at 11. Here, the VE's testimony is not facially different from the DOT skill description and there is no "direct or obvious conflict." While the DOT does not distinguish between he types of reaching, the VE specifically testified that the jobs of Table Worker, Final Assembler, and Glass Etcher Helper could be performed with overhead bilateral reaching no more than 1% of the time and reaching other than overhead bilateral no more than frequent. Tr. at 44–45.

**2. *Lockwood* (Second Circuit), *Pearson* (Fourth Circuit), *Prochaska* (Seventh Circuit), *Kemp* (Eighth Circuit)**

In support of his argument, Plaintiff points to decisions by the Second, Fourth, Seventh, and Eight Circuits. Pl.'s Obj. at 7. While this Court is not bound by those Circuit decisions, this Court will address each in turn.

The Second Circuit held in *Lockwood* that it is the Commissioner's duty to "elicit an explanation from the vocational expert as to whether those occupations actually require overhead reaching." *Lockwood v. Commissioner*, 914 F.3d 87 (2d Cir. 2019). This is not inconsistent with the actions taken by the ALJ in the instant case. As noted earlier, the ALJ asked specifically whether the three job descriptions would involve less than 1% overhead bilateral reaching and the VE answered affirmatively. Tr. at 44–45. Therefore, *Lockwood* does not speak to the instant case.

The Fourth Circuit held in *Pearson* that SSR 00-4p requires the ALJ to independently identify "apparent" conflicts. *Pearson v. Colvin*, 810 F.3d 204, 208 (4th Cir. 2015). The court then went on to acknowledge that "apparent" may mean "obvious" or "seeming real or true, but not necessarily so" and chose to adopt the latter. *Id.* As noted above, the Fifth Circuit's decision in *Carey*, which is binding on this Court leaned utilized phrases such as "direct and obvious." *Carey*, 230 F.3d at 145. Therefore, this Court is not persuaded by the Fourth Circuit's decision to define "apparent" as "seeming real or true, but not necessarily so."

The Seventh Circuit held in *Prochaska* that the ALJ should resolve inconsistencies with the VE's help. Specifically, the record was not clear as to whether the DOT's requirements included reaching above shoulder level. *Prochaska* is not relevant to the instant case. Here, the ALJ did, in fact, utilize the VE to distinguish the "overhead reaching" and the "frequent [non-overhead] reaching" required by the three jobs. Tr. at 44–45. In the administrative hearing transcript, the ALJ specifically differentiated the two, one after the other as quoted above. *Id.*

Lastly, the Plaintiff points to the Eight Circuit's decision in *Kemp*. In *Kemp*, the ALJ presented the VE with a hypothetical that described a claimant who could reach overhead only occasionally while DOT job description indicated that constant reaching was required. *Kemp v. Colvin,* 743 F.3d 630 (8th Cir. 2014). The Plaintiff argues that in *Kemp*, the record did not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical that describe. Pl.'s Obj. at11. *Kemp* is different from the instant case because, as stated above, the ALJ and the VE both distinguished between "frequent reaching" and "overhead reaching." Tr. at 44–45.

**B. Plaintiff's Argument That the ALJ Committed Harmful Legal Error by Failing to "Consider" the Plaintiff's Veterans Affairs 80% Service-Connected Disability Rating**

Plaintiff asserts that the ALJ committed harmful legal error by failing to "consider" the Veteran's Affairs 80% service-connected disability rating decision pursuant to Social Security Ruling 06-03. The Court does not agree. The ALJ expressly stated that it had considered Plaintiff's disability rating from the VA but emphasized that the VA and the Social Security Administration use different standards for disability. Tr. at 19. An ALJ is entitled to weigh evidence as he sees fit and he does not err by affording little weight to the VA rating in light of other objective medical evidence, opinions in the record, and Plaintiff's own testimony. *Laserre v. Colvin,* 3:16-CV-77-RFC, 2016 WL 6088343, at *7 (W.D. Tex. Oct. 17, 2016). Therefore, the ALJ did not commit harmful legal error by giving the VA rating little weight.

The Magistrate Judge recommended this Court affirm the decision of the Social Security Administration's to deny benefits. Plaintiff filed two objections: (1) the Commissioner's decision is not supported by substantial evidence because the vocational expert testimony, upon which the ALJ's decision is based, directly and apparently conflicts with the Dictionary of Occupational Titles; and (2) the ALJ committed harmful legal error by failing to "consider" the Plaintiff's Veterans Affairs 80% service-connected disability rating decision pursuant to Social Security Ruling 06-03 and case law within this Circuit. Considering the applicable legal standard, this Court finds the Plaintiff's objections to be without merit. The Court, having reviewed the Magistrate Judge's findings and conclusions on this matter and finding no clear error, will accept and adopt the Magistrate's Report and Recommendation for the reasons stated therein.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge, (ECF No. 21), are **OVERRULED**.

Therefore, the Report and Recommendation of the United States Magistrate Judge, (ECF No. 20), filed in this cause is **ACCEPTED AND ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that the final decision of the Social Security Commissioner is **AFFIRMED.**

**SIGNED** this 29th day of September 2020.

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**